UNITED STATES of America,
Plaintiff–Appellee,

v.

Ruben TORRES–ROBLES, also known
as Luis Alberto Vidal, also known as
Pedro C. Parra, also known as Juan
Vasquez Ibarra, also known as Juan
Ibarra, also known as Ruben Torres,
Defendant–Appellant.

No. 05–50710.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, GARZA, and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Ruben Torres–Robles raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Sergio HERNANDEZ, Defendant–
Appellant.

No. 05–50712.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, GARZA, and
BENAVIDES, Circuit Judges.

published and is not precedent except under

**424**

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Sergio Hernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando BALDERAS–GALVAN, Defendant–Appellant.**

**No. 05–50618. Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Armando Balderas–Galvan raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.